# IN THE COURT OF APPEALS OF IOWA

No. 14-0826
Filed December 9, 2015

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**BRYAN JASON STOUT,**
          Defendant-Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

The defendant alleges his trial counsel was ineffective in failing to file a motion in arrest of judgment after he pled guilty without being informed of the maximum penalty for the crime. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Bryan Stout was charged with domestic abuse assault causing bodily injury, third or subsequent offense, which is a class "D" felony. He agreed to plead guilty to the lesser included offense of domestic abuse assault causing bodily injury, second offense, an aggravated misdemeanor, in exchange for a six-month jail term with all but thirty days of his sentence suspended. Stout entered a written plea of guilty, waived the in-court colloquy, and consented to immediate sentencing. The court accepted the plea and sentenced him accordingly. On appeal, Stout contends his trial counsel was ineffective in failing to file a motion in arrest of judgment because he was not advised of the maximum penalty for the crime to which he pled guilty, and therefore, his guilty plea was not knowing and voluntary.

We review ineffective-assistance-of-counsel claims de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed in making such a claim, a defendant must prove by a preponderance of the evidence that trial counsel failed to perform an essential duty and this failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Counsel breaches an essential duty by failing to file a motion in arrest of judgment to challenge a plea that is not knowingly and voluntarily made. *Id.* To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* Reversal is only warranted if both breach and prejudice are shown. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

The State concedes trial counsel breached an essential duty in failing to file a motion in arrest of judgment. However, the record before us does not establish prejudice because there is no evidence Stout would not have pled guilty and insisted on going to trial if he had been advised the maximum penalty for domestic abuse assault causing bodily injury, second offense. The written guilty plea signed by Stout advised him as to the maximum penalty for the crime of domestic abuse assault causing bodily injury, third or subsequent offense, which is greater than both the maximum penalty for domestic abuse assault causing bodily injury, second offense, and the sentence he received pursuant to the plea agreement.

Stout does not allege he would not have pled guilty had he been properly advised as to the penalty for the crime to which he pled guilty but instead advocates that this court adopt a "per se" rule of prejudice in cases where counsel fails to inform a defendant "of the minimal information to render a knowing and voluntary plea and the defendant was otherwise unaware of the information." Doing so would overrule controlling supreme court precedent, *see State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008) (noting it had refused to adopt a per se rule of prejudice in *Straw* "and we again refuse to do so here"), which we are not at liberty to do. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa 2014). Accordingly, we affirm Stout's conviction for domestic abuse assault causing bodily injury, second offense.

**AFFIRMED.**